# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1613V
(not to be published)

| | |
|---|---|
| REINE CARRE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 24, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates; Administrative time |

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On November 18, 2020, Reine Carre filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on October 11, 2018. Petition at 1. On October 17, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 40.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 16, 2022 (ECF No. 45), requesting a total award of $17,600.39 (representing $16,820.30 in fees and $780.09 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 48. Respondent reacted to the motion on December 19, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 46. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests the following rates of compensation for the work of her attorney Sean Greenwood and his associates:

|  | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| Sean Greenwood | X | X | $425 | $498 |
| Kayleigh Smith | $225 | $250 | X | X |
| Janell Ochoa | X | X | $180 | $229 |
| Anna Carruth | X | X | $180 | X |

The rates requested for 2019-21 are consistent with what has been awarded these attorneys for work in the Vaccine Program in prior cases, and I shall therefore apply them herein.

However, although the proposed rates for Mr. Greenwood and Ms. Ochoa's work in 2022 falls within the experience range provided in OSM's rate chart for similarly situated attorneys, I find the specifically-requested increases to be excessive.[3] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] a rate of **$470** per hour is more appropriate for Mr. Greenwood, and **$200** per hour to be more appropriate for Ms. Ochoa's time. Application of these rates reduces the amount to be awarded herein by **$963.80**.[5]

---

[3] The Attorneys' Fee Schedule for 2022 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of: ($498 - $470 = $28 x 4.8 hrs = $134.40) + ($229 - $200 = $29 x 28.60 hrs = $829.40) = $963.80.

B. Paralegal Tasks at Attorney Rates

Associate attorney Kayleigh Smith's rate will need to be reduced for time billed on tasks that are considered paralegal. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Ms. Smith billed 1.1 hours of time on tasks considered paralegal, specifically on time related to obtaining medical records. ECF No. 45-1 at 3. I will reduce Ms. Smith's rate for these tasks to $150 per hour, which is comparable to what a paralegal would receive. This reduces the request for attorney fees in the amount of **$82.50**.[6]

C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

A total of 1.2 hours was billed by paralegals on tasks considered administrative specifically tasks related to paying invoices. ECF No. 45-1 at 4-5. Because the Program does not reimburse such tasks, I will reduce the amount of fees to be awarded by **$186.00**.[7]

---

[6] This amount consists of: ($225 - $150 = $75 x 1.1 hrs = $82.50).

[7] This amount consists of: ($150 x 0.60 hrs = $90) + ($160 x 0.60 hrs = $96) = $186.00.

## ATTORNEY COSTS

Petitioner requests $780.09 in overall costs. ECF No. 45-1 at 10. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$16,368.09** (representing $15,588.00 in fees and $780.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.